CHRISTOPHER P. BURKE, ESQ.          **ECF FILED ON 11/3/16**
Nevada Bar No.: 004093
*atty@cburke.lvcoxmail.com*
218 S. Maryland Pkwy.
Las Vegas, NV 89101
(702) 385-7987
Attorney for Appellants

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

In re:

CHARLES B EASLEY, and
PATRICIA A. EASLEY

|                      Debtors. |

CHARLES B. EASLEY SR. et al,

            Appellants,

vs.

COLLECTION SERVICE OF NEVADA,

            Appellee.

Case No. 2:15-cv-00395-LDG

BK-S-12-22239-GS

## REPLY TO OPPOSITION TO MOTION FOR ATTORNEY FEES AND COSTS FOR APPELLATE WORK

COMES NOW, Christopher P. Burke, Esq., for Debtors/Appellants, Charles B. Easley, Sr., and Patricia A. Easley ("Easley") in Reply to Collection Service of Nevada ("CSN"), Opposition to Motion for Attorneys Fees and Costs.

1

# I
## Issue

An attorney is entitled to reasonable fees from a creditor when it violates the stay. In the Ninth Circuit, this includes attorneys fees for an appeal to procure those attorney fees when a fee shifting statute is involved. Here, CSN violated the automatic stay. After an evidentiary hearing, the Bankruptcy Court limited the award of attorney fees based upon *Sternberg v. Johnson*, 575 F.3d 937 (9th Cir. 2010). However, while this appeal was pending *Sternberg* was overridden by *Schwartz-Tallard*, 803 F.3d 1095 (9th Cir. 2015). Therefore, the Bankruptcy Courts position in limiting the attorney fees in a stay violation to when a particular event happens was also overridden. Since this appeal was necessary to properly secure the Easleys attorney fees below, shouldn't they also be allowed their entire reasonable appellate attorneys fee as the Ninth Circuit permits?

# II
## Overview of Opposition

CSN opposes this fee application on three grounds. First, that because *Sternberg* was reversed while this appeal was pending it should not apply to this appeal. Second, *Schwartz-Tallard* does not support an award of appellate attorney fees in this case. And third, that Burke's hourly rate is higher than in the bankruptcy case and his fees are unreasonable. However, as shown below, CSN's position is inconsistent with Section 362(k)'s plain text, its statutory purpose, and Ninth Circuit case law. Therefore, none of its objections are valid.

# III
## Argument

### 1. The Schwartz-Tallard decision mandates payment of attorney fees on appeal.

First, just because *Sternberg* was overturned by *Schwartz-Tallard* while this appeal was pending is not a reason to deny the Easleys appellate fees. In fact, this appeal was decided almost a year after *Schwartz-Tallard* was. Besides, judicial decisions are generally given retroactive effect. *Harper v. Virginia Dept of Taxation*, 509 U.S. 86 (1993). Despite this, CSN tries to argue that *Schwartz-Tallard* should not be retroactively applied in this case based upon *Chevron Oil Co. v. Huson*, 404 U.S. 97 (1971). But this ignores, that *Harper* abrogated *Chevron Oil* and that *Schwartz-Tallard affirmed*, both the Ninth Circuit Bankruptcy Appellate Panels decision from 2012, 473 BR 340 and the 2014 majority opinion at the Ninth Circuit, 765 F.3d 1096. Therefore, the *Schwartz-Tallard* decision regarding attorney fees for stay violations was clearly foreshadowed.

A good corollary to this can be seen in  a motion to set aside judgment under Fed. R. Bankr. P. 9023 and 9024. A motion to set aside, should not be granted unless the Court is presented with: (1) newly discovered evidence; (2) the discovery that it committed clear error; or (3) there is an *intervening change* in the *controlling law*. See *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Thus, if controlling authority is changed after a decision is rendered and during a motion to set aside, that new law is relevant and to be used. That is no different, than if an intervening change in controlling law occurred during an appeal.

Further, this Court could still have remanded this appeal without *Schwartz-Tallard* because the bankruptcy court took an overly restrictive view of *Sternberg* to begin with. Especially because the Bankruptcy Court forced the Easleys to prove willfulness, which could only be done by an evidentiary hearing (Ex. of Rec. '22', p.370, ln. 15-25 and p.372, ln.14-17). Therefore, the Bankruptcy Court should have awarded attorneys fees for proving the stay violation through that evidentiary hearing, but erroneously did not. Thus necessitating this appeal, which then led to a remand on the attorney fees amount. As such, attorneys fees are logically warranted for this appeal.

**(A) The Ninth Circuit requires attorney fees on appeal in this case**

As made clear by *Schwartz-Tallard,* Section 362(k) does *not* divide attorney's fees into two distinct categories, only one of which is compensable as CSN argues. The Ninth Circuit has *not* held that individuals *may* only recover fees related to enforcing the automatic stay and remedying the stay violation, but (ii) individuals may *not* recover fees for "prosecuting" the damages claim itself. Thus, the Easleys should have been awarded attorneys fees for having to prosecute the stay violation.

In fact, the Ninth Circuit has stated, "[o]ur holding that the Law Center is entitled to attorneys' fees in the district court necessarily leads to the conclusion that the Law Center also is entitled to attorneys' fees on appeal. Generally, a party that is entitled to an award of attorneys' fees in the district court is also entitled to an award of attorneys' fees on appeal. *See, e.g., Stewart v. Gates*, 987 F.2d 1450, 1454 (9th Cir.1993) (noting that appellate attorneys' fees may be awarded under 42 U.S.C. §1988's fee-shifting provision to a party that successfully defends an award on appeal); *Planned Parenthood*

*of Cent. & N. Ariz. v. Arizona*, 789 F.2d 1348, 1354 (9th Cir. 1986) (awarding attorneys' fees on appeal under §1988 when the plaintiff won on the merits in the district court and on appeal). We have no trouble applying this general rule here, when the very purpose of the appeal was to establish the entitlement to fees. *See In re S. Cal. Sunbelt Developers, Inc.*, 608 F.3d 456, 462-65 (9th Cir.2010)(noting that in statutory fee cases, federal courts have uniformly held that attorneys are entitled to be compensated for the time reasonably spent establishing their right to the fee)." *Voice v Storman Inc.*, 757 F.3d 1015, 1016-17 (9th Cir 2014).[1]  That is the exact scenario here. CSN's appellate brief opposed Burke's request for greater attorneys fees below. (Dkt.#17 CSN Ans. Br., p.22, ln.26-28, citing EOR '17', p.330-332)(See also Dkt.#17 CSN Ans. Br., p.24, ln.15 and p.28, ln. 12-14).  Besides,  even under *Sternberg*, as argued in the Easleys appellate brief, this Court could have awarded more in attorneys fees than the Bankruptcy Court had awarded. And now, CSN opposes the Easleys request for attorney fees on appeal. So, as permitted by Ninth Circuit case law, the Easleys are seeking the attorneys fees they incurred establishing their right to fees under §362(k)'s fee shifting statute.

When a party acts in " 'willful disobedience of a court order,' " such as the stay, fees are presumptively *available* "unless forbidden by Congress." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-259 (1975). Under this "accepted exception[]," courts must *permit* fees unless Congress says otherwise, not the other way around. *Zambrano v. City of Tustin,* 885 F.2d 1473, 1481 & n.25 (9th Cir. 1989). Ironically, but not surprisingly, CSN's position is the exact opposite of the way fee shifting statutes operate.

---

1. Cited by *Schwartz-Tallard*, 803 F.3d at 1101.

### **(B) The plain text of Section 362(k) allows for attorneys fees on appeal.**

When Congress spoke of Section 362(k), it did so in absolute terms by authorizing parties to recover "actual damages, *including \*\*\* attorneys' fees.*" 11 U.S.C. §362(k). Why? Because Congress drafted "fees" as unitary category. Unlike CSN's position, Congress did not differentiate between fees incurred for different reasons or restrict recovery to enforcing the stay. It broadly authorized parties to litigate Section 362(k) claims, and textually defined "actual damages" as "*including*" fees. 11 U.S.C. 362(k)(1)(emphasis added). "Had Congress intended to allow fees only to remedy the violation, but not to collect them, it would have provided for attorneys' fees necessary to cause a termination of the violation, and would exclude fees necessary for their recovery." *Parker,* 515 B.R. 337, 341 (Bankr. M.D. Ala 2014). Yet nothing in the statute "suggests such a limitation". *Ibid.* So without a textual hook, there is no basis for artificially limiting fees to actions in the bankruptcy court only.

### **(C) The statutory purpose of 362(k) is met by awarding attorneys fees on appeal.**

By speaking "in terms of recovery"-which arises at the *end* of an action-the section "contemplates all action necessary to reduce to judgment the award and to collect it from the party violating the automatic stay." *Parker*, 515 B.R. at 341. Congress knew that debtors would incur expenses from start to finish, and included fees in the ultimate "recovery." In understanding that parties would have to litigate to recover damages, Congress specifically included attorneys fees in those damages.

While "the term 'actual damages' can mean different things in different contexts", *FAA v. Cooper*, 132 S. Ct. 1441, 1454 (2012), Congress textually

defined this term to include attorney fees. Accordingly, under its "most natural[]" reading, Section 362(k) "allows a plaintiff to recover attorney's fees incurred both in remedying a violation of the automatic stay and in bringing an action to recover the 'actual damages' caused by that violation." *Snowden,* 769 F.3d at 661. CSN's contrary reading "contemplates a limitation which has no basis in the text of the statute." *Parker*, 515 B.R. at 342.

As has been noted, Section 362(k) has dual purposes: it forces compliance with the automatic stay and provides a remedy for resulting injuries. Because attorney fees are essential for either objective, attorney fees are available for either objective.  "If the purpose of the automatic stay is, as the Ninth Circuit recognized, to preserve the status quo, then the mechanism by which stay violations are remedied must necessarily return the debtor to the status quo in order to serve that purposes." *Duby*, 451 B.R. 664, 677 (1ˢᵗ Cir. BAP 2011). CSN's interpretation of "actual damages" undermines that objective. "When applying fee-shifting statutes, 'we have found limits in the large objectives of the relevant Act, which embrace certain equitable consideration.' " *Martin v. Franklin Capital Corp*., 546 U.S. 132, 139 (2005). The status quo is not restored when a debtor is left short after paying fees- assuming a debtor covering his own fees can pursue his rights at all. The automatic stay's focus on the status quo distinguishes Section 362(k) claims from non-bankruptcy actions; Congress was sensitive to the fundamental purpose of the stay, and it would have intended "actual damages" to be construed in a manner that promotes its specific purpose. Fees are necessary for complete relief and to restore the status quo. *In re Walsh*, 219 B.R. 873, 878 (9ᵗʰ Cir. B.A.P. 1998). By its plain terms, Section 362(k) authorizes full recovery of "actual damages, including costs and attorneys' fees."  In contrast,

CSN seeks to have the Easleys pay for its wrongful conduct.

In the end, we find there is no evidence that Congress wished to artificially constrict its own cause of action by making it infeasible to use: "Absent any evidence to the contrary, we do not conclude that Congress established a private remedy and simultaneously created a unique and formidable barrier to its attainment." *Owner-Operator Indep. Drivers Ass'n, Inc. v. New Prime, Inc.,* 398 F.3d 1067, 1071 (8th Cir. 2005); see also *Sullivan v. Husdon*, 490 U.S. 877, 890 (1989)("we find it difficult to ascribe to Congress an intent to throw the Social Security claimant a lifeline that it knew was a foot short"). Attorney fees are essential to restore the status quo and deter stay violations, two central policy objectives. Here, that would logically include the Easleys appellate fees.

## 2. Attorney appellate fees are warranted even if the District Court did not reverse the damages awarded to the Easleys.

The fact that the actual damages are less than the attorney fees, is a red herring and not a valid basis to deny them. Without fees, the cost of Section 362(k) litigation is insurmountable for most debtors. If a violator refuses to voluntarily provide relief, as in this case, litigation expenses will often exceed expected recovery. That dynamic impairs Section 362(k)'s private remedy. Creditors wishing to avoid damages need only mount an aggressive defense as was, and is being done here, forcing rational debtors to abandon their statutory rights. *Parker,* 515 B.R. at 348. "[T]his rule would often harm the other creditors of the estate because the debtor, who likely lacks the means to fund litigation in the first place, would be forced to choose between suffering a loss as a result of a stay violation or incurring a loss attempting to remedy it. *Duby*, 451 B.R. at 677. CSN's attempt to restrict fees, especially for claims

"arising from conduct which violates the most fundamental protection offered by the Bankruptcy Code, is incompatible with its spirit and purpose." *Ibid*. CSN's view fails "to interpret the fee statute in light of the statutory provisions it was designed to effectuate." *Sullivan*, 490 U.S. at 889.

Nothing in Section 362(k) suggests Congress wanted debtors to absorb the costs of a creditors wrongdoing. Nor are other creditors better off if a debtor is forced to shoulder the expense of enforcing their statutory rights; refusing fee-shifting dilutes the debtor's ultimate recovery, which itself limits their resources for satisfying creditors (assuming they pursue their claim at all). Finally, fee-shifting is indispensable to make Section 362(k) effective-and thus an effective *deterrent*. *Voll*, 512 B.R. at 143. Without fees, debtor will be forced to abandon valid claims. If violators do not fear a suit, they will not perceive a deterrent to violating the stay: CSN's view, "that the right to fees under §362(k) stops at the courthouse door gives creditors free shots at continuing prepetition collection activity with little practical fear of financial accountability for their actions and hence little incentive to stop it." *Grine,* 439 B.R. at 470-471.

"What good is it to be entitled to damages and attorneys' fees for a violation of the automatic stay if it costs a debtor much more in unrecoverable attorneys' fees to recover such damages and recoverable attorneys' fees? In many, if not most, cases that will likely be the situation." *In re Bertuccio,* 2009 Bankr. LEXIS 3302, at *22-23 n.7. CSN seeks to effectively eliminates statutory relief for a broad swath of debtors. The protected class is financially, vulnerable. They cannot always (or often) afford hourly fees and cannot entice a contingency arrangement for "minor" damages. But what may seem "minor" to some is not minor to many debtors. A stay violation can devastate a debtor's

ability to recover and reorganize its finances. A small remedial award can mean the difference between debtors buying food and clothes for their families or struggling to meet basic needs.

As shown, Section 362(k) claims bear all the hallmarks of "private attorney general" litigation. They involve small claims that cannot be realistically pursued at the debtor's expenses. See *Newman v. Piggie Park Enters., Inc.,* 390 U.S. 400, 402 (1968). And they advance the fundamental public interest in vindicating the automatic stay. See *Martin*, 546 U.S. at 137. Besides, consumer protection fee shifting statutes allow attorney fees even if a consumer loses on appeal so long as some liability is found and upheld. See *Price v. Franklin Inc. Co.*, 574 F.2d 594 (D.C. Cir. 1978)(TILA). Why? Because the merits judgment and attorney fees are separate appealable orders. *Herbert v. Federal Nat'l Mortgage Ass'n*, 102 BR 407 (E.D. Pa. 1989)(TILA), *citing White v. Dep't of Employment Sec.*, 455 U.S. 445, 452-53 n.14. That's why the appellate attorney fees and costs should be granted in this case.

**3. The attorney fees are reasonable.**

A good analogy to §362(k) and its fee shifting statute, is found in another Ninth Circuit case authorizing fees when seeking damages and fees incurred in resisting an  involuntary bankruptcy petition under 11 U.S.C. 303(i). See *In re S. Cal. Sunbelt Developers, Inc.*, 608 F.3d 456, 460 (9th Cir. 2010). The Court found that "fees incurred litigating claims for *attorney's fees* *** are plainly recoverable." *Id.* at 463.  ' "This is so because it would be inconsistent to dilute a fees award by refusing to compensate attorneys for the time they reasonably spent in establishing their rightful claim to the fees.' " *Ibid*. And the Ninth Circuit likewise found recoverable "fees incurred litigating claims for *damages*": treating the ' "case as an inclusive whole,' " if "the debtor

is eligible for an award of fees, *** the fee award presumptively encompasses all aspects of the §303 action, including proceedings on [damages] claims under §303(i)(2)." *Ibid.;* see also *Id.* at 464 (' "Preparation for and attendance at the hearing on attorney's fees, costs and damages are also *** occasioned as a result of an Involuntary Petition. As such, they are compensable under §303(i).' ")(quoting *In re Advance Press & Litho, Inc.,* 46 B.R. 700, 703 (Bankr. D. Colo. 1984)). To hold otherwise is untenable.

The Ninth Circuit has held, in a §330(a) context, that "time devoted to the preparation and presentation of attorneys' fee applications" was compensable. *In re Nucorp Energy, Inc.,* 764 F.2d 655, 656 (9th Cir. 1985). Congress's decision to award fees includes the right to *defend* the fee award: one cannot recover all authorized fees when awards are diluted in fee-related litigation. *Id.* at 660. Here, CSN not only objected to the attorneys fees below, it is also objecting to the attorney fees on appeal. (CSN, Ans. Brief Dkt.#17, p.24, ln.15 and p.28, ln.12-14).

So, under Section 362(k), like Section 303(i), fee awards are equally "dilute[d]" by refusing to compensate for time spent prosecuting the claim and eventually getting the proper amount of attorneys fees. Under Section 362(k), like Section 303(I), the same "[p]reparation for and attendance at the hearing on attorney's fees, costs and damages" is "occasioned" by stay violations. Thus, logic dictates the payment of these appellate fees.

Notably, CSN does not dispute *any* specific docket entry, time allotment, or cost. Nor does CSN set out why any particular entry is unreasonable. And CSN does nothing to provide a different hourly rate, except to say that Burkes rate when the Easley bankruptcy case was filed *four* years ago was $450. And it does not dispute Burke has been approved for his current $500 hourly rate.

11

Finally, but not surprisingly, CSN does not provide the amount of attorney fees it paid to its attorney to file a brief in this appeal. Why? Probably because as a comparison they were much more than the fees the Easleys are requesting. Besides, should CSN, a collection agency that has been in business 50 years, be rewarded for its original failure to even oppose the motion for contempt, then failing to promptly resolve its violation and return to the Easleys their garnished wages, thus leading to the evidentiary hearing?

## II
## Conclusion

The appellate attorney fees and costs requested in this case should be granted. Also, there should be additional attorney fees awarded for reviewing the opposition preparing this reply and research in the amount $1,500 (3 hours x $500)(Decl. C. Burke).

Dated this 3 day of November, 2016.

RESPECTFULLY SUBMITTED:

/S/CHRISTOPHER P. BURKE, ESQ.
CHRISTOPHER P. BURKE, ESQ.

12

## <u>CERTIFICATE OF MAILING</u>

I hereby certify that on the 3rd day of November, 2016 I caused to be sent the above and foregoing REPLY TO OPPOSITION TO MOTION FOR ATTORNEY FEES AND COSTS FOR  APPELLATE WORK to be sent by electronic notice and/or depositing same in the United States Mail, first class, postage prepaid, in a securely sealed envelope and addressed to the last known address of the following;


Patricia C. Halstead, Esq.
Nevada Bar No. 6668
Halstead Law Offices
615 S. Arlington Ave.
Reno, NV 89509
phalstead@halsteadlawoffices.com

Amy N. Tirre, Esq.
Nevada Bar No. 6523
Law Offices of Amy N. Tirre, APC
3715 Lakeside Drive, Suite A
Reno, NV 89509
amy@amytirrelaw.com
Attorneys for Appellee:
Collection Services of Nevada
**(sent electronic notice)**


/S/ Adriana Pelayo
Employee of
Christopher P. Burke, Esq.

13