# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHARLES B. EASLEY, SR., and
PATRICIA A. EASLEY,

    Appellants,

v.

COLLECTION SERVICE OF NEVADA,

    Appellee.

Case No. 2:15-cv-00395-LDG

**ORDER**

    Appellants, Charles B. Easley, Sr., and Patricia A. Easley, move to recover attorney's fees under 11USC §362(k) (ECF No. 23). Appellee, Collection Service of Nevada, opposes the motion (ECF No. 24). The court denies the motion for attorney's fees because *Schwartz-Tallard* prohibits a recovery from appellants.

    This court has jurisdiction pursuant to 28 U.S.C. §158 (a).

    Initially, the creditor, Collection Service of Nevada, violated the stay. The debtor, Easley, brought suit to correct the stay violation. The bankruptcy court awarded the debtor attorney's fees and costs incurred to enforce the stay. However, pursuant to the Ninth Circuit's ruling in *Sternberg,* the bankruptcy court did not award the debtor attorney's fees and costs incurred to pursue damages for violation of the stay. *Sternberg v. Johnson,* 595

F.3d 937 (9th Cir. 2010). The debtor appealed. While the appeal was pending, the Ninth Circuit ruled that a debtor could also recover fees and costs incurred to pursue damages when a creditor violates a stay. *In re Schwartz-Tallard*, 803 F.3d 1095, 1101 (9th Cir. 2015). This court then affirmed the bankruptcy court's decision for fees correcting the stay violation and for damages caused by the stay violation. The Court, pursuant to *Schwartz-Tallard*, reversed the decision on the fees and costs in pursuing damages and remanded the case back to the bankruptcy court for further consideration. The debtor then filed this motion seeking attorney's fees and costs for appellate work.

Pursuant to Local Rule 7-2(d), the failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of a motion. Here, the court cannot determine which fees appellant is seeking because the appellant did not properly segregate their fees for the relief they have received. Without appropriate apportioned fees to their corresponding appellant issue the court must deny this motion as it lacks points and authorities in support of its motion.

Even if the fees were apportioned correctly, the appellant could only be seeking to recover fees in two instances. The first is for appellant fees for additional damages caused by the stay violation. The appellant cannot recover their fees because they lost that issue on appeal.

The second is appellant fees for fees and costs incurred to pursue damages caused by the stay violation. The appellant cannot recover their fees under 11 USC §362(k). Pursuant to 11 USC §362(k), after a violation of stay the injured party shall recover actual damages, including costs and attorney's fees. The Ninth Circuit clarified that a party is entitled to an award of attorney's fees if they succeed in correcting the stay and then are successful in defending the judgment on appeal. *Schwartz-Tallard*, at 1101. Here, the debtor is prosecuting, not defending, the on appeal. Therefore, the appellant cannot recover their fees under 11USC §362(k).

2

Accordingly,

THE COURT **ORDERS** that Appellant Charles B. Easley, Sr.'s Motion for Attorney's Fees is DENIED.

DATED this  29th  day of June, 2017.

_____
Lloyd D. George
United States District Judge